IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02287-RM-MJW

ERIC JOHNS,

Plaintiff,

v.

DILLON COMPANIES, INC., d/b/a King Soopers, Inc., a Foreign Corporation, and/or
THE KROGER CO., d/b/a King Soopers, Inc., a Foreign Corporation,
JANE DOE (an unidentified employee of Bimbo Bakeries USA, Inc.), and
BIMBO BAKERIES USA, INC., a Foreign Corporation,

Defendants.

---

**REPORT & RECOMMENDATION**
on

**ORDER TO SHOW CAUSE**
**(Docket No. 20)**

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before this court pursuant to an Order of Reference issued by Judge Raymond P. Moore on August 19, 2014.  (Docket No. 11.)

Plaintiff Eric Johns has not meaningfully participated in this litigation since its removal to federal court.  After he failed to attend the Rule 16 Scheduling Conference, the Court issued an Order to Show Cause.  (Docket Nos. 18 & 20.)  Plaintiff failed to respond to the Order in any written, telephonic, or other communications with chambers; he also failed to appear at the Show Cause Hearing set on November 19, 2014.  (Docket No. 24.)  In light of the foregoing, the Court hereby RECOMMENDS that this case be dismissed with prejudice.

**Factual Background**

Plaintiff filed this lawsuit in Jefferson County Combined Courts on July 3, 2014. (Docket No. 4.) The Complaint alleges that, while shopping at King Soopers, an employee pushing a bread cart ran into Plaintiff—causing him to fall to the ground and sustain severe injuries including a ruptured biceps. (*Id.* ¶ 7.) Plaintiff filed his suit *pro se*, but had the assistance of an attorney at Levine Law, LLC in drafting his pleadings and filing his Complaint. (*Id.* p.5; Docket No. 1-3, p.3.) He also moved for and received leave to proceed *in forma pauperis*. (Docket No. 1-10.) On July 29, 2014, he filed proof of service on Defendants Dillon Companies (service effected by the Denver County Sheriff) and Bimbo Bakeries (service effected by the Adams County Sheriff). (Docket Nos. 5, 6, & 7.) Dillon Companies filed its Answer in state court on August 4, 2014 (Docket No. 1-14), and Bimbo Bakeries filed its Answer in state court on August 7, 2014 (Docket No. 1-15). It appears no other documents were filed, or proceedings held, in state court. (Docket No. 13.)

After the lawsuit was filed, counsel for Dillon Companies spoke with Plaintiff, who confirmed that he sought more than $100,000 in damages. (Docket No. 1-2.) Dillon Companies and Bimbo Bakeries then removed the case to this Court, on August 18, 2014. (Docket No. 1.) On August 20, 2014, the Court entered an Order Setting Scheduling/Planning Conference. (Docket No. 12.) The conference was later rescheduled upon Defendants' motion. (Docket No. 16.) In that motion, Defendants represented that:

- Plaintiff did not oppose the motion to reschedule (Docket No. 14, ¶ 1);

- Defendants had made four unsuccessful phone calls, on September 10th, 16th, 23rd, and 24th, 2014, in an effort to meet and confer with Plaintiff under Rule 26(f) (*id.* ¶ 3);

- Defendants reached Plaintiff on September 29, 2014, and agreed to a Rule 26(f) conference on the following day (*id.* ¶ 4); and

- The Parties held a Rule 26(f) conference on September 30, 2014, as planned, and agreed to exchange initial disclosures under Rule 26(a) within two weeks (*id.* ¶ 5).

The rescheduled Rule 16 scheduling conference was held on October 20, 2014. (Docket No. 18.) Plaintiff failed to appear at the Rule 16 scheduling conference, did not seek a continuance, and did not telephone the Court at the time set for the conference to make the court aware of any unavoidable reason for noncompliance. (*Id.*) The Court issued an Order to Show Cause, explaining:

> On August 20, 2014, this court entered an Order (Docket No.12) setting a scheduling conference for October 7, 2014, which was later continued at Defendants' motion to October 20, 2014, at 10:00 a.m. Plaintiff Eric Johns did not appear at the scheduling conference. No entry of appearance was made by any attorney on Plaintiff's behalf; the court received no motion, phone call, or other communication from Plaintiff regarding the scheduling conference. The weather in Denver was clear, with no indication of hazardous or inclement conditions that might have caused delay. The court granted a ten-minute grace period and began the scheduling conference without Plaintiff at 10:10 a.m.
>
> Michael Lancto (counsel for Defendants Dillon Companies and the Kroger Companies) and Catherine Ruhland (counsel for Defendant Bimbo Bakeries USA Inc.) appeared. They reported that they had met with Plaintiff on September 30, 2014, to discuss disclosures and a proposed scheduling order. At that point they directed Plaintiff to the form scheduling order on the court's website. Plaintiff confirmed that he had

>been receiving Ms. Ruhland's e-mails. The parties agreed that Plaintiff would provide a draft scheduling order by October 7, 2014. Ms. Ruhland and Mr. Lancto stated that they received no draft from Plaintiff.
>
>Mr. Lancto stated that he had received a phone call from an attorney at Franklin Azar & Associates early last week (on or about October 13, 2014), but on October 17, 2014, the attorney called to inform Mr. Lancto that he had declined to take Plaintiff's case. Ms. Ruhland stated that she spoke with Plaintiff on October 14, 2014, by telephone; Plaintiff indicated that he would provide initial disclosures the following day. Ms. Ruhland did not receive any disclosures, and did not receive any response to a follow-up e-mail.

(Docket No. 20.)

At the Scheduling Conference, the Court ordered that Plaintiff's Rule 26(a)(1) disclosures should be completed on or before November 3, 2014. (Docket No. 18, p.2.)

The Order to Show Cause further ordered:

>that on **November 19, 2014, at 10:30 a.m.** in Courtroom A-502, Fifth Floor, Alfred A. Arraj U.S. Courthouse, 901 19th Street, Denver, Colorado, a Show Cause Hearing will be held. At this hearing, Plaintiff Eric Johns **shall appear in person** and show cause why this case should not be dismissed pursuant to Fed. R. Civ. P. 16(f) and/or 41(b). In addition to a recommendation that this action be dismissed, other sanctions that may very well be imposed are defendant's attorney fees and costs and a finding and order of contempt. Also, Plaintiff Eric Johns shall provide proof of service for Defendant Jane Doe, or otherwise show cause why this case should not be dismissed as to Defendant Jane Doe pursuant to Fed. R. Civ. P. 4(m) for failing to serve that defendant.

(Docket No. 20, p.4.) The Clerk of Court mailed a copy of the Scheduling Order, Courtroom Minutes, and Order to Show Cause to Plaintiff's address of record.[1] (Docket No. 22.) The address the Clerk used was 5763 West 75th Avenue, Arvada, Colorado 80003. (*Id.*) This is the same address as on Plaintiff's Complaint (Docket No. 1, p.5),

---

[1] The Clerk also mailed a copy of a notice of disclosure of the Court's previous professional relationship with counsel for Dillon Companies. (Docket Nos. 21, 22.)

and no change of address has been filed with this Court or, prior to removal, the state court. The Court's CM/ECF docket does not indicate that the Clerk's mail was returned or undeliverable.

At no point has any proof of service been filed as to Defendant Jane Doe, and at no point has Defendant Jane Doe or any attorney on her behalf entered an appearance in this case.

On November 18, 2014, the day before the Show Cause Hearing, Defendants moved to dismiss the case, requesting attorneys' fees and costs as well. (Docket No. 23.) As grounds for the motion, Defendants state that "Plaintiff failed to serve his Initial Disclosures by November 3, 2014, and has not communicated with Counsel for Defendants since prior to the Scheduling Conference on October 20, 2014." (*Id.* p.2.) Further, Defendants note that Plaintiff failed to appear at the Scheduling Conference (*id.* ¶¶ 1–2) and, as of November 18, 2014, had not provided any proof of service as to Jane Doe or otherwise shown why she should not be dismissed from this case (*id.* ¶ 11). Defendants also recite in detail their efforts to engage with Plaintiff:

- On September 10, 2014, Counsel for Bimbo Bakeries called and left a message for Plaintiff regarding scheduling a Rule 26(f) conference and drafting a proposed scheduling order.

- On September 16, 2014, Counsel for Bimbo Bakeries called Plaintiff and left a voicemail message regarding the deadlines, proposed scheduling order, and discovery procedure.

- On September 16, 2014, Counsel for Bimbo Bakeries sent Plaintiff an email regarding the Rule 26(f) conference and proposed scheduling order. . . .

6

- On September 23, 2014, Counsel for Bimbo Bakeries called Plaintiff and left a voicemail message regarding the deadlines, proposed scheduling order, and discovery procedure.

- On September 25, 2014, Counsel for Bimbo Bakeries emailed Plaintiff advising that the proposed case management order was due to the Court on September 30, 2014 in advance of the October 7, 2014 case management conference. . . .

- On September 29, 2014, Counsel for Bimbo Bakeries spoke with Plaintiff regarding scheduling the Rule 26(f) conference and scheduled a Rule 26(f) Conference for September 30, 2014 at 2 p.m. with Plaintiff and all Counsel for Defendants.

- On September 30, 2014, Counsel for Defendants called Plaintiff and they held the Rule 26(f) conference.  Counsel for Defendants confirmed with Plaintiff his address, email address, and phone number.  Plaintiff confirmed that he had been receiving the above-listed communications via email, phone, and mail.  Plaintiff agreed to draft the Proposed Case Scheduling Order.  Plaintiff and Counsel for Defendants also agreed to exchange initial disclosures on October 14, 2014.  Plaintiff also agreed to not oppose a motion filed by Counsel for Defendants for a continuance of the October 7, 2014 Scheduling Conference to allow the parties more time to draft the proposed Scheduling Order.  Plaintiff provided his available dates, including October 20, 2014 . . . .

- On September 30, 2014, following the Rule 26(f) Conference, Counsel for Bimbo Bakeries emailed the form for the Proposed Case Scheduling Order as well as links to the United States District Court for District of Colorado website containing the instructions for filling out the form. . . .

- On October 2, 2014, as a courtesy, Counsel for Bimbo Bakeries emailed Plaintiff to inform him that the Court had granted the continuance of the Scheduling Conference and that the Scheduling Conference was now set for October 20, 2014.  Counsel for Bimbo Bakeries also reminded Plaintiff that the Proposed Scheduling Order is due October 13, 2014. . . .

- On October 10, 2014, Counsel for Bimbo Bakeries emailed Plaintiff again reminding him that the Proposed Scheduling Order was due on Monday, October 13, 2014. . . .

7

- On October 13, 2014, because Plaintiff had not responded to any of her inquiries, Counsel for Bimbo Bakeries circulated a Proposed Scheduling Order to all parties.  Counsel for Dillon provided input on the Proposed Scheduling Order, and Counsel for Bimbo Bakeries circulated the Proposed Scheduling Order a second time to Plaintiff. . . .

- Counsel for Defendants never received a response from Plaintiff, and so Counsel for Defendants filed the Proposed Scheduling Order on October 13, 2014, the day it was due. . . .

- On or about October 13, 2014, Counsel for Dillon received a phone call from Attorney Franklin Azar & Associates informing him that he was considering taking Plaintiff's case.

- Counsel for Defendants each served Plaintiff with the Initial Disclosures for their respective clients on October 14, 2014.

- On October 14, 2014, Counsel for Bimbo Bakeries received a call from Plaintiff.  Plaintiff indicated that he had received the emails regarding the Proposed Scheduling Order and would like to add in "his bits." Plaintiff also indicated that he would send his Initial Disclosures on October 15, 2014.

- Also on October 14, 2014, Counsel for Bimbo Bakeries emailed Plaintiff a copy of the Proposed Scheduling Order, as filed with the Court, and indicated that Defendants were amenable to filing an amended Proposed Scheduling Order with Plaintiff's edits.  Counsel for Bimbo Bakeries also reminded Plaintiff that the scheduling conference was set for Monday, October 20. . . .

- On October 17, 2014, Counsel for Dillon received another phone call from Franklin Azar & Associates to inform him that Franklin Azar & Associates had declined to take Plaintiff's case.

(*Id.* ¶ 3.)  Counsel for Defendants describe no further communications, including no efforts to contact Plaintiff between October 20th (the date of the Scheduling Conference) and November 18th (the date of the motion to dismiss).

The Show Cause Hearing was held on November 19, 2014.  (Docket No. 24.) Plaintiff failed to appear at the Show Cause Hearing, did not seek a continuance, and

did not telephone the court at any time to make the court aware of any unavoidable reason for noncompliance. (*Id.*) No entry of appearance was made by any attorney on Plaintiff's behalf. (*Id.*) The weather in Denver was clear, with no indication of hazardous or inclement conditions that might have caused delay. The Court granted a five-minute grace period and began the hearing without Plaintiff at 10:35 a.m. (*See id.*)

### Discussion

### *I.  Lack of Prosecution*

Rule 41 of the Federal Rules of Civil Procedure provides in pertinent part:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19— operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). The Court finds that Plaintiff has failed to comply with three orders of this Court: the order to appear at a scheduling conference; the order to provide initial disclosures by November 3, 2014; and the order to show cause (and to attend a show cause hearing) why the case should not be dismissed in whole or in part. The Court further finds that Plaintiff is not prosecuting his claims with any reasonable diligence and has not complied with Rules 4, 16, and 26 of the Federal Rules of Civil Procedure. Finally, the Court finds that Defendants have made a motion to dismiss. The Court concludes that dismissal is appropriate under Rule 41(b).

Further, Rule 16 provides in pertinent part that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if

9

a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference . . . or (C) fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f). Rule 37(b)(2)(A) (ii)-(vii), in turn, permits the following sanctions:

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) *dismissing the action or proceeding in whole or in part*;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A) (ii)-(vii) (emphasis added).

Rule 16(f)(2) further provides that "[i]nstead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2). The Court finds that although there is no substantial justification for Plaintiff's failure to engage in the Rule 16 process; an award of attorneys' fees would be unjust under these circumstances.

## II.     Lack of Service

Rule 4 of the Federal Rules of Civil Procedure provides in relevant part:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be

made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). The Court finds that Defendant Jane Doe has not been served with process, that no good cause exists for the failure to serve, and that Plaintiff has been given notice that the Defendant Jane Doe might be dismissed from this case under Rule 4(m) for lack of service.

## **Recommendation**

For the foregoing reasons, the undersigned RECOMMENDS that this case be dismissed with prejudice as to all Defendants under Federal Rules of Civil Procedure 16(f) and 41(b), with costs taxed to Plaintiff under Rule 54(d)(1).

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions, Makin v. Colo. Dep't of Corr., 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996)**.

Dated: November 19, 2014        */s/ Michael J. Watanabe*
       Denver, Colorado        Michael J. Watanabe
                                             United States Magistrate Judge